# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 16, 2014

## STATE OF TENNESSEE v. JEREMY DANIELLE MCWHERTER

**Appeal from the Circuit Court for Montgomery County**
**No. 40900411     John H. Gasaway, III, Judge**

_____

**No. M2014-00974-CCA-R3-CD - Filed March 26, 2015**

_____

Defendant, Jeremy McWherter, pled guilty in the Montgomery County Criminal Court to the offense of especially aggravated robbery. Defendant received a sentence of eight years to serve one year in confinement followed by seven years of probation. On March 26, 2014, a probation violation warrant was issued. Following a hearing, the trial court revoked probation and ordered Defendant to serve the balance of his sentence by incarceration. Defendant appeals, and does not challenge the revocation of probation, but argues that the trial court erred by ordering the entire sentence to be served by incarceration and not granting him a furlough to enter an alcohol rehabilitation program. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Jeremy D. McWherter.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; John W. Carney, District Attorney General; and Kimberly Lund, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The probation violation warrant in this case alleged that Defendant violated the conditions of his probation by:

RULE #1:    I will obey the laws of the United States, or any state in which I may be, as well as any municipal ordinances.  Offender committed the offense of and was arrested on 3-19-14, for the offense of aggravated assault.

RULE #10:   I will observe any special conditions imposed by the Court as listed below:  Offender failed to provide proof of completing PSW [public service work] ordered to perform 250 hours to date still have a balance of 194 hours.

At the revocation hearing, defense counsel told the trial court that Defendant would admit to the probation violation.  The following exchange took place following a proposal by defense counsel to the trial court concerning revocation of Defendant's probation:

[Defense Counsel]:    Your Honor, [Defendant] has a VOP for several cases.  We acknowledge that one of the basis for the VOP was new charges.  He has pled guilty to that, but we do have a proposal for disposition that the State is not joining us on, said we could present it to the Court.

[Defendant] has letters of acceptance from two different rehab centers.  He's got an alcohol problem, and generally when he gets in trouble it's with rehab [sic].  What we would ask is permission to allow him to go to - - on a furlough to one of the rehabs, and then review disposition depending on how he does there.

THE COURT:    Well, [Defendant] has a - - has history that may not allow the Court to do that.  Back in July of '09 he entered a plea of guilty to especially aggravated burglary, was sentenced to an eight year term, ordered to, this in accordance with the plea agreement, serve one year in jail and the balance of the sentence was probated.  Then he came before the Court in October of 2010 on a violation of probation.  He was, in accordance with an agreement, sentenced to time served and reinstated to probation.  And he came back in January of '13 again accused of violating probation, again sentenced to time served and reinstated in accordance with an agreement.  And then in September of 2013 he was accused again of violating probation because of another charge, which is case 41300603, in which case, on that date of September five of '13 he entered a plea of guilty to aggravated assault, was sentenced to a three year term, the service was suspended, and that was ordered to be served consecutive to the first case.

And - - so he was reinstated to probation on that first case, had a three year suspended sentence ordered to be served consecutive and here - - here he is again. I don't see any notes in here about him ever seeking any kind of rehabilitation. I doesn't [sic] see - - that doesn't mean he - - it wasn't brought up, but I usually - - that's usually noted. So - - and the allegation against him is that he's again accused of aggravated assault. And you said he plead [sic] guilty to that, where - - to a misdemeanor down in general sessions?

[Defense Counsel]: Yes, sir.

THE COURT: And what was the sentence?

[Defense Counsel]: 11 29, Your Honor.

\*       \*       \*

THE COURT: Well, so he's - -he's serving a sentence out of general sessions court under an order by that court that he agreed to and he wants me to furlough him. Even if I was inclined to do it on his business at this level he still has a lower court that - - that he would have to get approval of.

Defendant testified that he had letters from Safe Harbor Lighthouse in Memphis and from Sober Living in Laverne indicating that Defendant would be accepted in a rehabilitation program at either treatment facility. Defendant understood that he would also have to obtain permission from general sessions court to enter one of the programs. He indicated that all of his criminal history was related to alcohol.

The trial court revoked Defendant's probation and made the following findings:

The confinement history from - - provided by the jail shows - - goes back to a period of 275 days of confinement from February 17 '09 to November 18 '09 followed by 126 days of confinement from June one of 2010 to October four of 2010, followed by confinement of 121 days from September five of '12 to January three of '13, and after those periods of confinement [Defendant] committed the offense of assault. His second conviction for assault. And more recently he spent 143 days from April 16 of 2013 to September five of of 2013 and another 51 days from March 26th of '14 to today's date, May 15 of '14.

[Defendant], the Court is not convinced that - - you have not carried the burden to convince the Court that there is a reasonable likelihood of rehabilitation if you are placed on a release status. Your motion for furlough is denied and you're ordered into confinement at TDOC to serve out the balance of this eight year sentence under case number 40900411. And after you complete that sentence you still have the three year sentence that's ordered to be served consecutive to that eight year sentence. And if you violate probation for the three year term you're very likely to have to go back to prison.

The revocation of probation lies within the sound discretion of the trial court. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). It is well settled that a trial court has the authority to order incarceration of a defendant for the entire term of the sentence when the defendant's probation has been revoked. Tenn. Code Ann. §§ 40-35-310(a), 40-35-311(e)(1)(a); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). "[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. At Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn., June 28, 1999). As evidenced in the record and in the trial court's findings, which Defendant does not dispute, he has been granted probation in the past, and he has violated that probation on numerous occasions. Defendant also, despite being granted probation in the past, continues to commit crimes. The trial court did not err in this case by ordering Defendant to serve his sentence by incarceration.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

-4-